IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARRYSSA MIDDLETON, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:20-CV-014-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Marryssa Middleton, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

Petitioner continues to serve her 336-month term of imprisonment on her 2017 conviction in the United States District Court for the District of Kansas for conspiracy to commit kidnapping resulting in death. J., United States v. Middleton, Criminal Action No. 5:15-cr-40018-002, ECF No. 189. In the instant petition, Petitioner challenges a prison disciplinary proceeding and the resultant lost of good conduct time. Pet. 2, 5, ECF No. 1.

Petitioner was charged in incident report number 3142331 with fighting with another person, a code 201 violation. Resp't's App. 2-3, ECF No. 13. Following a disciplinary hearing in July 2018, the DHO found Petitioner had committed the prohibited act, and the resultant sanctions included disallowance of 27 days of good conduct time. *Id.* at 3. Petitioner seeks restoration of her good conduct time and her "medical/mental records corrected." *Id.* at 7.

## II. DISCUSSION

In the context of a prison disciplinary proceeding resulting in the loss of good conduct time, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against her at least 24 hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in her defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). In addition, there must be "some evidence" in the record that supports the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-56 (1985); *Richards v. Dretke,* 394 F.3d 291, 293 (5th Cir. 2004).

The requirements of due process were satisfied in this case. The incident occurred on July 4, 2018. On July 5, 2018, after conclusion of the investigation, prison officials notified Petitioner of the disciplinary charges by delivering a copy of the incident report to her. Resp't's App. 12, ECF No. 13. On July 21, 2018, prison officials notified Petitioner that a hearing would be held on a date to be determined and advised her of her rights at the hearing in writing. *Id.* at 17, 19. The disciplinary hearing was held on July 25, 2018. *Id.* at 12. Petitioner therefore received at least 24 hours advance notice of the charges prior to the hearing. At the hearing, Petitioner waived the right to have a staff representative and was given an opportunity to make a statement, present evidence, and call witnesses on her behalf. *Id.* at 13. On August 2, 2018, Petitioner was provided a copy of the disciplinary hearing officer's decision, reasons for the action taken, and the evidence relied upon and she was notified of her right to appeal. *Id.* Additionally, the incident report, investigation, photos, injury assessments, staff memorandums, and Petitioner's statement were some evidence to support the disciplinary hearing officer's finding. *Id.* at 12-13. Thus, Petitioner received all the due process

she was due. The fact that the "other fight participant was not punished" does not entitle Petitioner

to the relief requested. Pet. 5, ECF No. 1.

## IV.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus under 28

U.S.C. § 2241 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 21st day of December, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**